UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONZELL GALVIN,

        Petitioner,         Case Number: 06-CV-14515

v.        HON. VICTORIA A. ROBERTS

CINDI CURTIN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD
HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Donzell Galvin filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, challenges his convictions for two counts of first-degree murder. Petitioner has now filed a Motion to Hold Habeas Petition in Abeyance so that he may return to state court to present seven unexhausted claims. The Court shall grant Petitioner's motion, hold the present petition in abeyance, and administratively close the matter.

**I.**

Following a jury trial in Bay County Circuit Court, Petitioner was convicted of two counts of first-degree murder. On January 14, 2004, he was sentenced to two concurrent terms of life imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claim:

> Mr. Galvin was denied his constitutional right to be represented by counsel at trial, requiring reversal of his conviction and sentence.

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Galvin, No. 253406 (Mich. Ct. App. May 17, 2005). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Galvin, No. 128974 (Mich. Oct. 31, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus raising the same claim presented on direct review in state court.

## II.

Petitioner has filed a Motion to Hold Habeas Petition in Abeyance so that he may exhaust seven unexhausted claims in state court before amending his habeas petition to present these claims. The unexhausted claims are:

   I.   Did the trial court clearly err in allowing out of court testimonial statements of the decedent into evidence violating defendant's state and federal Sixth Amendment right of confrontation and due process right to a fair trial.

   II.  Did the trial court abuse its discretion in allowing the prosecution to play for the jury a 911 audio tape recording violating defendant's state and federal Sixth and Fourteenth Amendments right to confrontation and due process right to a fair trial.

   III. Did the trial court err in not assigning a DNA expert to the defense and allowing DNA evidence in the form of a report where the co-signer was not called as a witness at trial violating Mr. Galvin's state and federal constitutional rights to confrontation and due process right to a fair trial.

   IV.  Was Mr. Galvin denied the effective assistance of appellate counsel as guaranteed by the United States and Michigan Constitutions for not raising issues that were obvious and significant.

   V.   Mr. Galvin is also entitled to relief from judgment where the irregularity was so offensive to the maintenance of a sound judicial system.

   VI.  Did the trial court abuse its discretion in allowing the in-court identification of

>    Mr. Galvin, where the pretrial identification of Mr. Galvin and his vehicle was tainted by pretrial publicity and suggestive and conducted without defendant's counsel, violating Mr. Galvin's 5th and 14th constitutional amendment rights and due process right to a fair trial.
>
> VII.   Defendant was denied his 4th and 14th constitutional rights to a fair trial where evidence under insufficient and generalized bare bones affidavit and search warrant were entered at Mr. Galvin's trial requiring reversal of his conviction and sentence.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. See Rhines, 544 U.S. at 277-78. Therefore, the Court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting his state

court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner states that he already has filed a motion for relief from judgment in state court presenting his unexhausted claims. Thus, the Court need not impose a time limit within which he must return to state court. The Court, however, requires that Petitioner must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See* id.; Abela v. Martin, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

## III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceedings is **GRANTED**. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: April 25, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 25, 2007.
>
> S/Carol A. Pinegar
> Deputy Clerk